UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

BARRUCCI, Donald D.
SS# xxx xx 8022
BARRUCCI, Dianne A.
SS# xxx xx 2515

Chapter 13
Case # 08-16460-WH

Debtor(s)

ORDER CONFIRMING CHAPTER 13 PLAN

The Debtor(s) filed a Chapter 13 Plan (the "Plan") on October 7, 2008. The Debtor(s) filed a Certificate of Service on October 7, 2008, reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed. The term of the Plan is 60 months.

2. The Debtor(s) shall pay to the Chapter 13 Trustee the sum of $266.00 per month commencing October 1, 2008 which payments shall continue through the completion of the Plan and shall be made on the 1st day of each month unless otherwise ordered by the Court. Payments shall be made by Money Order or Bank Treasurer's check (personal checks will not be accepted) and shall be made payable to and forwarded to: Carolyn A. Bankowski, Chapter 13 Trustee, PO Box 1131 Memphis, TN 38101-1131.

3. The effective date of confirmation of the Plan is October 1, 2008. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed plan are set forth on the attached summary which is incorporated by reference. Interested parties should consult the detailed provisions of the Plan for treatment of their particular claims and other significant provisions of the Plan. Unless otherwise ordered by the court, all property of the estate as defined in U.S.C.§§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the debtor as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the Debtor(s) only upon discharge. All property of the estate shall remain within the exclusive jurisdiction of the bankruptcy court. The Debtor(s) shall not transfer, sell or otherwise alienate property of the estate other than in accordance with the confirmed plan or other order of the bankruptcy court. The debtor shall be responsible for preserving and protecting property of the estate.

Dated: _____   _____    11/20/2008
United Stated Bankruptcy Judge

EM

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

BARRUCCI, Donald D.　　　　　　　　　　　　Chapter 13
SS# xxx xx 8022　　　　　　　　　　　　　　Case # 08-16460-WH
BARRUCCI, Dianne A.
SS# xxx xx 2515

　　　　　　Debtor(s)

**SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN**

   **1.　Modified Secured Claims**

a) The Debtor(s) is modifying the secured claim of <u>HSBC Mortgage</u> as follows:  The Debtor shall surrender the property located at 184 Northend Blvd., Salisbury, MA.  HSBC may file a proof of claim for any deficiency.

b) The Debtor(s) is modifying the secured claim of <u>Chase Bank of Texas</u> as follows: The Debtor(s) is avoiding the lien against the property located at 11 Mallard Way, Burlington, MA.  The claim is treated as unsecured and the estimated deficiency in the sum of <u>$123,168.71</u> is included in Section 5 below.

---

   **2.　Unmodified Secured Claims**

a) <u>Central Mortgage Company</u> is retaining its lien on 11 Mallard Way, Burlington, MA. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with Central Mortgage Company.  Central Mortgage Company will be paid its pre-petition arrearage in the sum of <u>$12,352.94</u> over <u>60</u> months in the sum of <u>$205.88</u> per month.

b) <u>Chase Auto</u> is retaining its lien on the 2005 Honda Odyssey.  The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with Chase Auto.

---

   **3.　Priority Claims**

NONE

---

   **4.　Administrative Claims**

Michael Eramo, Esq. will be paid <u>$2,000.00</u>* over <u>12</u> months.
* The additional $1,500.00 in administrative fees for the lien/avoidance is subject to approval of fee application.

EM

    **5.**    **Unsecured Claims**

The holders of unsecured claims totaling $402,928.33 shall receive a dividend of no less than 24.56%.

    **6.**    **Other Pertinent Provisions**

NONE

EM

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

**In re:**

**BARRUCCI, Donald D.**
SS# xxx xx 8022
**BARRUCCI, Dianne A.**
SS# xxx xx 2515

Chapter 13
Case # 08-16460-WH

**Debtor(s)**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the within proposed order of confirmation was served upon the Debtors, Debtors' counsel of record and all parties and attorneys who have filed appearances and requests for service of pleadings, per the following service list, by first class mail, postage prepaid.

Dated: November 4, 2008

Respectfully submitted,

By: **/s/ Carolyn Bankowski**
Carolyn Bankowski, BBO# 631056
Patricia A. Remer, BBO #639594
Office of the Chapter 13 Trustee
P.O. Box 8250
Boston, MA 02114
617-723-1313

## SERVICE LIST

Donald & Dianne Barrucci
11 Mallard Way
Burlington, MA 01803

Michael T. Eramo, Esq.
160 Sylvan Street
Danvers, MA 01923

Central Mortgage Company
c/o Harmon Law Office
P.O. Box 610345
Newton Highlands, MA 02461

EM

**United States Bankruptcy Court**
**District of Massachusetts**

# CHAPTER 13 PLAN

Filing Date: **October 7, 2008**                              Docket #: **08-16460-WH**

Debtor: **Barrucci, Donald D**                              Co-Debtor: **Barrucci, Dianne A.**

SS#: **8022**                                                            SS#: **2515**

Address: **11 Mallard Way**                                  Address: **11 Mallard Way**

**Burlington, MA  01803**                                      **Burlington, MA  01803**

Debtor's Counsel:

**Law Offices of
Michael Eramo
160 Sylvan Street
Danvers, MA  01923**

**(978) 774-2200**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL FIFTEEN (15) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

**United States Bankruptcy Court**
**District of Massachusetts**

# CHAPTER 13 PLAN

Docket#: **08-16460-WH**

DEBTORS: (H) **Barrucci, Donald D**          SS# **8022**
         (W) **Barrucci, Dianne A.**         SS# **2515**

TERM OF THE PLAN **60** Months. *
(If the plan is longer than thirty-six (36) months and debtor's plan is governed by 11 U.S.C § 1322 (d)(2), a statement of cause under must be attached hereto.)

***60 Months is needed to make the Chapter 13 Plan feasible.**

PLAN PAYMENT: Debtor(s) to pay monthly: $ **266.00**.

I. **SECURED CLAIMS:**

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **CENTRAL Mortgage Company** | **Mortgage loan on primary residence.** | **12,352.94** |
| | Total of secured claims to be paid through the Plan: $ | **12,352.94** |

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| **CENTRAL Mortgage Company** | **Mortgage loan on primary residence.** |
| **Chase Auto** | **Auto loan. 2005 Honda Odyssey 45,000 miles** |

II. **PRIORITY CLAIMS:**

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B. All Other Priority Creditors:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |
| | Total of Priority Claims to Be Paid Through the Plan: $ | **0.00** |

III. **ADMINISTRATIVE CLAIMS:**

A. Attorneys fees (to be paid through the Plan): $ **500.00**.

***Additional administrative fees: $1,500.00 for lien avoidance/cramdown of second mortgage.**

**Total administrative fees: $2,000.00.**

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## IV. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of **0.00**% of their claims.

A. General unsecured claims: .................................................................................................................................... $ **279,759.62**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Chase Bank Of Texas** | **Second Mortgage loan on primary residence.** | **123,168.71** |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

Total of A + B + C unsecured claims: $ **402,928.33**

D. **Multiply total by percentage: $ 0.00**.
(Example: total of $38,500.00 x .22 dividend = $8,470.00)

D. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total amount of separately classified claims payable at **100%**: $ **0.00**

## V. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund Plan:

B. Modification of Secured Claims: Set forth details of modifications below or on attached sheets. This information should include name of creditor and detailed explanation of the modification. The total amount of the secured claim that is to be paid through the plan (inclusive of interest) should be set forth in Section I of this Plan.

C. Assumption/Rejection of Leases:
**None**

D. Miscellaneous provisions:

**The Debtors surrender their obligations to HSBC Mortgage Corp. on their investment property located at 184 Northend Blvd., Salisbury, MA 01852.**

**Should any deficiency result from the liquidation of above referenced property, HSBC Mortgage Corp., reserves the right to file an unsecured proof of claim for said deficiency.**

**The second mortgage held by Chase Bank Of Texas is wholly unsecured by the Debtors primary residence. The Debtors have listed the second mortgage as an unsecured claim. Upon the Debtors successful completion of the plan, Chase Bank of Texas will discharge the second mortgage from the Middlesex Registry of Deeds.**

## CALCULATION OF PLAN PAYMENT:

**a. Secured claims (Section I-A Total):** ....................................................................................................................... $ **12,352.94**
**b. Priority claims (Section II-A & B Total):** ............................................................................................................... $ **0.00**
**c. Administrative claims (Section III A & B Total):** ................................................................................................. $ **2,000.00**
**d. Regular unsecured claims (Section IV – D Total):** ................................................................................................ $ **0.00**
**e. Separately classified unsecured claims (Section IV – E Total):** ........................................................................... $ **0.00**
**f. Total of a + b + c + d + e above:** ........................................................................................................................... $ **14,352.94**
**g. Divide (f) by .90 for total including Trustee's fee: Cost of Plan:** ........................................................................ $ **15,947.71**
    (This represents the total amount to be paid into the Chapter 13 Plan)
**h. Divide (g) Cost of Plan by Term of Plan: 60 months**
**i. Round up to nearest dollar: Monthly Plan Payment:** ............................................................................................ $ **266.00**
(Enter this amount on Page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty ( 30 ) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make pre-confirmation adequate protection payments directly to the secured creditor.

## LIQUIDATION ANALYSIS

I. Real Estate:

| List Each Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **184 Northend Blvd. Salisbury, MA 01952** | **470,000.00** | **473,568.00** |
| **Primary Residence: 11 Mallard Way, Burlington, MA 01803** | **470,000.00** | **616,981.02** |

Total Net Equity for Real Property:   $ _____ **0.00**
Less Total Exemptions (Schedule C):   $ _____ **0.00**
Available Chapter 7:                  $ _____ **0.00**

II. Automobile

| Describe year, make and model | Value | Lien | Exemption |
|---|---|---|---|
| **2005 Honda Oddasey 45,000 miles** | **9,655.00** | **14,295.55** | **0.00** |

Total Net Equity:                     $ _____ **0.00**
Less Total Exemptions (Schedule C):   $ _____ **0.00**
Available Chapter 7:                  $ _____ **0.00**

III. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

Total Net Value:                      $ _____ **42,706.89**
Less Exemptions (Schedule C):         $ _____ **42,706.89**
Available Chapter 7:                  $ _____ **0.00**

**SUMMARY (Total amount available under Chapter 7):**

Net Equity (I and II) Plus Other Assets (III) less all claimed exemptions: $ **0.00**.
Additional Comments regarding Liquidation Analysis:

**Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.**
*/s/ Michael T. Eramo, Esq.*_____    October  7, 2008_____
Debtor's Counsel                                           Date

Counsel's Address:
**Law Offices of
Michael Eramo
160 Sylvan Street
Danvers, MA  01923**

Tel. # **(978) 774-2200**_____    Email Address: _____

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**
*/s/ Donald Barrucci*_____    October  7, 2008_____
Debtor                                                     Date
*/s/ Dianne A. Barrucci*_____    October  7, 2008_____
Debtor                                                     Date